UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

Jose Luis Tovar  §
   Petitioner  §
  §
v.  §
  §
  § 08CV3759
United States of America  § JUDGE KENNELLY
   Respondent  §
  § MAGISTRATE JUDGE SCHENKIER

FILED
JUL 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PETITIONER"S MEMORANDUM IN SUPPORT OF HIS 28 U.S.C. 2255 MOTION

Petitioner would show this Court that the Respondent made promises in connection with his Plea Agreement and failed to fulfill those promises even though the Petitioner performed his part of the agreement in the face of personal injury.

### ISSUE-1

Here the Petitioner is essentially filing for a Rule-35 motion as the Government has failed to live up to their part of the bargain and file one on his behalf, and therefore this Court can construe this as a Rule-35 Motion and a 28 U.S.C § 2555. And since the Petitioner has not filed a prior 2255 this Court then has jurisdiction. see Romandine V. United States, 206 F.3d 731 (7'th Cir. 2000); United States v. Woods, 169 F.3d 1077 (7'th Cir. 1999).

And, this is not a disguised collateral attack as this is the Petitioner's first 2255, so therefore, the Petitioner is saying that his sentence is illegal based on the contract (agreement between the Petitioner and Respondent) the portion of which the Respondent has failed to perform.

Here there is no written agreement between the parties, however there was an oral agreement of which the Petitioner has attached his affidavit to support and there is also the fact that his counsel was present during the negoitations (Exhibit-A).

Therefore, since there is no written agreement then the government cannot retain the sole discretion to file the Rule-35 motion. U.S. v. Emerson, 349 F.3d 986, 988 (7'th Cir. 2003).

However, the Petitioner is arguing that the reason not to file is not rationally related to any legitimate government end since the Petitioner performed his part of the contract. **Wade v. United States,** 504 U.S. 181, 185-86 (1992).

However, the government and Petitioner's counsel has asserted to him in some vague terms that the reason they have not filed the motion is the fact that the State prosecuted the case after the Petitioner set-up the other person and the amount of drugs for the buy.

This Circuit has set forth that the government cannot base it's decision on factors other than the substantial assistance provided by the defendant. **U.S. v. Wilson,** 390 F.3d 1003, 1010 (7'th Cir. 2004) citing **United States v. Anzalone**, 148 F.3d 940,941 (8'th Cir. 1998).

Here, admittedly the Petitioner provided substantial assistance and therefore the Respondent cannot refuse to file a departure motion on the basis that the State prosecuted the case.

Therefore, the other reason for this Court to take action is the fact based on the record is that the Respondent acted in bad faith. Here, there was an oral contract (Exhibit-A), the Petitioner substantially performed his portion of the contract, and the respondent failed to perform any part of their contractural obligations, that is bad faith.

Here, the Petitioner justifiably expected the Respondent in good faith to file a rule-35 motion on his behalf after he substantially assisted in the arrest and prosecution of others. However, the Respondent post-contrcat injects a new condition into the agreement that is the persons must have been prosecuted by the Federal Government only. **Great Lakes Dredge & Dock Co. v. City of Chicago,** 260 F.3d 789, 797 (7'th Cir. 2001).

Therefore, at the point of time that Petitioner had already performed his substantial assistance the Government unilaterally inserted a new unbargained-for term of prosecution by the Federal Government not the State.

It was therefore, unfair for the government to announce after the fact that

(2)

that the Petitioner had performed his part of the agreement that they would ignore their reciprocal obligation to perform because the State had prosecuted the case, something that the Petitioner had no control over or no contractural obligation to. see **Venture Assoc. Corp. v. Zenith Data Sys. Corp.**, 987 F.2d 429, 433 (7'th Cir. 1993).

And, the Respondent cannot now assert that it was dissatisified with his assistance or that it was inadequate in that the person was arrested and prosecuted based only on the assistance of the Petitioner. **United States v. Kahn,** 920 F.2d 1100, 1105 (2'nd Cir. 1990).

Given the sequence of events precipitating the Respondents ultimate reason to not file a rule-35 motion, the Respondent neither furthered a legitimate government objective nor acte din Good faith when it refused to file a Rule-35 motion and therefore this Court should rule that the Respondent to file the Motion.

Here, even more striking is the fact that Petitoner's counsel whom was present during the neoitations knew of the agreement and has known that the Respondent is refusing to abide by the agreement and has done nothing to enforce the contract on the Petitioner;s behalf. Therefore, his counsel is ineffective for failure to ensure that a contract that he was a witness to on behalf of the Petitioner was not enforced. **Massaro v. United States,** ___ U.S. ___ (2003).

Therefore, there is no doubt as to the prejudice from his counsel ineffective performance that is he has not had his sentence reduced. **Strickland v. Washington,** 466 U.S. 668, 689 (1984).

The Court should order that Petitioner be appointed new counsel and that new counsel proceed with the Respondent on the Rule-35 motion on his behalf.

(3)

## ISSUE-2

Ineffective assistance of Counsel can be found in **Strickland v. Washington,** 466 U.S. 668 (1984). And this Circuit has affirmed this case in **U.S. v. Stark,** 507 F.3d 512, 521 (7'th Cir. 2007) that is the Petitioner must show that his attorney's performance was outside the range of professionally competent assistance and that the deficient performance denied him a fair trial.

Here, the Petitioner's counsel was ineffective because his performance failed to provide him with the Rule-35 motion that he was entitled to. That is his counsel failed to even raise an argument at sentencing, that is his Counsel sttod moot and did not even protect his right to a lower sentence when he knew that the Petitioner has performed his obligation to the FBI because his counsel was present during the interviews with the FBI agents and advised the Petitioner to participate and that he would receive a reduction in his sentence.

Attached hereto is the Petitioner's affidavit of the times anddates he contacted the FBI and the information that he provided. However more significant is the fact that his counsel was present at the meeting with the FBI agents and knew of the participation the information and was aware of the fact the Government agents were proferring his client a reduced sentence.

Therefore, under the first prong of **Strickland** this could not be considered trial strategy for not moving the Court and/or the Government for a Rule-35 motion or at the least bringing it up at sentencing instead of just standing moot.

Here, based on the record as it stands Petitioner has overcome the presumption that there was no trial strategy for standing mute and certainly it was outside the range of professionally competent assistance which denied him a fair trial especially at his sentencing.

Here, then under **Strickland** his counsel ignored an issue that was clearly strrong especially since he participated with the Petitioner in the meetings with the FBI. see **Suggs v. U.S.,** 513 F.3d 675,678 (7'th Cir. 2008). Therefore but for the counsels

(4)

performance, the result of the sentencing would have been different. **Strickland,** 466 U.S. at 694.

Therefore this omission by Petitioner's counsel satisfies both prongs of the **Strickland,** test. That is this failure of his counsel at sentencing prejudiced the Petitioner in not receiving a reduction in his sentence. see **Suggs,** at 680.

### Conclusion

Here, the Petitioner should be remanded to the District Court for re-sentencing either as a Rule-35 or under his §2255 based on his assistance to the government in the investigation and prosecution of others resulting from his assistance.

Respectfully submitted,

Joe Luis Tovar
FCI
P.O. Box 7000
Texarkana Texas 75505-7000

### CERTIFICATE OF SERVICE

I, Jose LUis Tovar, certifes that on the __ day of June 2008 placed in the inmate mail system 1'st class psoatge prepaid a copy of the attached Application and memeorandum in support of his §2255 to:

Clerk of the Court
Northern District of Illinois
219 S. Dearborn St.
Chicago IL 60604

Jose Luis Tovar

(5)

**AFFIDAVIT**

I Jose Luis Tovar, verify pursuant to 28 U.S.C. 1746(2) that:

1. I am over the age of 18 years.

2. That I am of sound mind and not on any medication.

3. That I have personal knowledge of the information contained in the attached § 2255 application and motion and this affidavit.

4. That the information contained is true and correct to the best of my knowledge under penalty of perjury.

5. I telephone Agent Eddieat the FBI at (630) 669-5790 while in Kankakee Chicago Jail April 2007.

6. I also talked to an Agent Tom of the FBI at the same phone number.

7. The agents came to see me at the jail and while at MCC Chicago.

8. The agents promised me that for helping them I would get a reduction in my sentence under Rule-35.

9. The first visit from Eddie and Tom they asked about a perosn named Cano, the agents stated that they had been after him for over ten years and unable to get him. I told them the information about Cano's money at a factory, the drugs and money being put in the Factory trailers and being shipped into and out of the United States to Mexico.

10. On other visits with Agent Eddie and Tom I told them about Jeraldo Magallanes bringing in 600-800 kilos to Chicago..

11. The agents Eddie and Tom then sent me a letter asking me to set them up with someone. I was in contact while incarcerated with a Alonzo Powe. I gave them Alonzo's house and cell phone num bers. Then Agent Eddie had me call Alonzo and set up him as being one of my customers while I was incarcerated. I did as they asked and then called Agent Eddie and told them that Alonzo was ready to deal.

12. Alonzo and Agent Eddie talked for over two (2) months and Agent Eddie told me that Alonzo was ready and he was trying to buy 2 kilograms. Alonzo was subsquently arrested.

13. Agent Eddie told me that this help and arrest would help me with my case and to get a sentence reduction and that the FBI would assist me.

14. The FBI nor the United States Government did anything for my help.

SIGNED this 24 day of June 2008.

_____
Jose Luis Tovar